WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Plaintiff Amber Quintanilla*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMBER QUINTANILLA, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>LANDER COUNTY, a political subdivision of the State of Nevada,<br><br>           Defendant. | CASE NO: 3:20-cv-00134-MMD-WGC<br><br>**STIPULATED PROTECTIVE ORDER**<br>Regarding<br><br>**CONFIDENTIALITY OF DOCUMENTS PRODUCED IN LITIGATION** |

Pursuant to Federal Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and U.S. District Court of Nevada Rule ("Local Rule") 26-1(e), the parties through their respective counsel, hereby submit the following *Stipulated Protective Order*.

**I.   RECITALS**

WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require the parties to disclose records and information that are confidential and sensitive, including because such records are anticipated to include the parties' private employment records and private medical records; and

WHEREAS: the parties seek to protect and prevent the improper dissemination of such confidential and private records and information to third parties, during the course of litigation and after the litigation has ended;

/ / /

/ / /

1

## II. **STIPLUATION**

THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate and request the Court issue an Order ("*Stipulated Protective Order*"), protecting the confidential nature of certain records and information as may be produced during the course of the above-captioned matter, as follows:

1. If any person or entity, whether or not a party to the instant action, produces or receives answers to interrogatories, or documents or other things, which the producing or receiving person or entity considers to be "Confidential Information," as defined in § II(3)(A)(I) *infra*; or

2. If there is deposition testimony which any person or entity, whether or not a party to the instant action, believes contains "Confidential Information," as defined in § II(3)(A)(I) *infra*; or

3. Third parties produce information which the third parties assert is confidential, the following procedure shall govern pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26 (c) *et. seq.*:

   A. Any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," set forth in § II(3)(A)(I) *infra*, that are produced may be designated and marked, in whole or in part, without regard to whether redactions are made, "Confidential" by the party producing the documents or information, at the time the documents are delivered to or made available for inspection by any party;

      I. "Confidential Information" includes, but is not limited to: (a) employment records of any employees or former employees of any party; (b) confidential notes, memoranda, and statements regarding non-party employees; (c) confidential information concerning the discipline and/or termination of non-party employees and former employees; (d) the production of information or documents proprietary to any party, including by way of example and not limitation, tax records, financial statements; (e) other private information of any party or non-party to the present litigation, including consumer records, *e.g.*, phone bills; (f) financial records and business records of any person or entity, whether a party or non-party to the present litigation; and (g) medical records, including medical bills and psychological records, and medical information of any person, whether a party or non-party to the present litigation.

B. If a party produces to another party items that contain Confidential Information as defined above, that party may designate one or more documents, or a portion of a document, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the word "Confidential" on each page of the document at the time it is produced to the receiving party's counsel;

C. Any party may designate deposition testimony as "Confidential" by orally making such a designation on the record either at the commencement of the deposition, at the time the testimony is given, and/or before the end of that day's questioning. Following such a designation, the court reporter shall mark "Confidential" on the transcript or the portion thereof containing the "Confidential" testimony;

D. In addition, documents or items produced by one party may be designated "Confidential" by the other party, *i.e.*, the receiving party, by:

I. marking the document, in whole or in part, "Confidential" in the same manner as stated above; and

II. then forwarding a copy of the marked document back to the producing party;

E. In this regard, the receiving party seeking the "Confidential" designation may designate, by number, each document it believes should be "Confidential";

F. If the receiving party has no objection to the "Confidential" designation made by the producing party, the receiving party may either expressly notify the producing party or allow the ten calendar-day objection period (set forth below) to lapse. Where there has been no written objection made, once a document or item has been produced and designated as provided herein to the receiving party, the document or item shall be treated as "Confidential," respectively, pursuant to this *Stipulated Protective Order*, until further order of the Court;

/ / /

/ / /

/ / /

/ / /

4. The following protocol shall apply in the event of an objection to a designation of "Confidential":

  A. If there is an objection to the "Confidential" designation, the party so objecting must notify the other party in writing of both the objection and the grounds for the objection within fourteen calendar days from the date the designation was made or the document(s)/item(s) received, whichever is later, and the procedure in § II(4)(B) *infra*, shall apply;

  B. If the parties do not agree that the documents, information or testimony should be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring. If a resolution does not occur, either party may file a motion with the Court to resolve the dispute. Such motion must be filed within 30 calendar days of receipt of the written objection to the designation, unless stipulated otherwise by counsel. If an objection has been raised, the documents, testimony and/or information at issue shall be governed by § II (3)(A)-(F), inclusive, of this *Stipulated Protective Order*, and treated and regarded as "Confidential" from the date of disclosure and/or production until the dispute is resolved informally by the parties or a final order is issued by the Court resolving the dispute. In the event of such motion, the parties having entered into this *Stipulation* and the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had this *Stipulated Protective Order* not been entered;

5. A document or testimony, or portion, summary, or abstract thereof, that is to be treated "Confidential" pursuant to this *Stipulated Protective Order* shall not be disclosed to any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former employees of the parties, persons requested by counsel for any party to furnish technical or expert service or to give expert testimony with regard to the subject matter of the document(s), item(s) or expert testimony for the trial of this action). However, each such person to whom a party makes such disclosure shall read this *Stipulated Protective Order* and acknowledge in writing that he/she is fully familiar with the terms hereof and agrees to comply with, and be bound by, this *Stipulated Protective Order* until modified by

either further order of the Court or agreement of all the affected parties;

6. The inadvertent unintentional disclosure by a party of Confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The failure to designate any document, material, or information as Confidential in accordance with this *Stipulated Protective Order* at the time it is produced or disclosed does not preclude a party from later seeking to designate a document, material, or information as Confidential. If a party discovers that it inadvertently produced materials containing Confidential information without marking them as such in accordance with this *Stipulated Protective Order*, the party may provide written notice to the receiving party that the materials should be treated as Confidential information in accordance with this *Stipulated Protective Order*. Upon receipt of such notice, the receiving party must treat such materials as Confidential information, and upon receipt of materials properly marked as Confidential, must return or destroy the unmarked materials and must reasonably ensure that others to whom the unmarked materials were disclosed have not retained copies. No party shall be deemed to have violated this *Stipulated Protective Order* by failing to maintain the confidentiality of material during a time when that material has not been designated Confidential information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential information.

7. In accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being so notified, the notified party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The inadvertent, unintentional disclosure in this litigation by a party of its own designated privileged document or information, regardless of whether the information was so designated at the

time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  The receiving party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document was a waiver of any privilege or protection.  Moreover, absent a ruling that the document or information at issue is not privileged or protected, a receiving party may not disclose or make any use whatsoever of the information disclosed in or derived from the document or information at issue.

       8.    Anyone seeking to file any "Confidential" documents, testimony, or information or any pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material with this Court must first attempt to make such filings confidentially, by seeking to obtain prior leave of Court for filing the same under seal.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court.  NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized.  Any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also, Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

       9.    If such application for leave of Court to file any document(s) under seal is denied, then the party who sought leave will be relieved, in that instance only, and only as to such documents for which leave of Court was denied, from complying with this stipulation in relation to that filing;

      10.    Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' *Stipulated Protective Order* is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use has acquired the documents, testimony, and/or information from a source independent of the above-captioned action;

/ / /

/ / /

11. Within 45 calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the producing party or destroyed by the receiving party (including by being shredded), at the option of the receiving party, with proof or attestation of such destruction of records being transmitted by the receiving party to the producing party, except as otherwise ordered by the Court or stipulated in writing by the parties.  Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other language contained in this *Order*, each party's counsel of record shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work-product doctrine).  All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this *Order*.

12. This *Stipulated Protective Order* may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case.  Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order* at any time; and

13. The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this *Stipulated Protective Order*.

Dated: May 29, 2020.                THE GEDDES LAW FIRM, P.C.

                                    /s/ William J. Geddes
                                    William J. Geddes
                                    Nevada Bar No. 6984
                                    1575 Delucchi Lane, Suite 206
                                    Reno, Nevada 89502
                                    Phone: (775) 853-9455
                                    Fax: (775) 299-5337
                                    Email: Will@TheGeddesLawFirm.com
                                    *Attorneys for Plaintiff Amber Quintanilla*

1 | Dated: May 29, 2020.

ERICKSON, THORPE & SWAINSTON, LTD

*Electronic Signature Authorized*

/s/
_____
Rebecca Bruch, Esq.
99 W. Arroyo Street
Reno, Nevada 89509
Phone: (775) 786-3930
Fax: (775) 786-4160
Email: rbruch@etsreno.com

*Attorneys for Defendant Lander County.*

**IT IS SO ORDERED.**

DATED: June 1, 2020

*William G. Cobb*
_____
**UNITED STATES MAGISTRATE JUDGE**